IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BOILERMAKER-BLACKSMITH NATIONAL PENSION FUND; BOILERMAKERS NATIONAL HEALTH AND WELFARE FUND; BOILERMAKERS' APPRENTICESHIP AND TRAINING FUNDS; JOHN FULTZ as a fiduciary of the BOILERMAKER-BLACKSMITH NATIONAL PENSION FUND, BOILERMAKERS NATIONAL HEALTH AND WELFARE FUND, and BOILERMAKERS' APPRENTICESHIP AND TRAINING FUNDS; THE MOBILIZATION, OPTIMIZATION, STABILIZATION AND TRAINING FUND; and MARK GARRETT, as a fiduciary of THE MOBILIZATION, OPTIMIZATION, STABILIZATION AND TRAINING FUND,<br>　　　　　　　　　　　Plaintiffs,<br>vs.<br>REYNOLDS MANUFACTURING COMPANY, INC.,<br>　　　　　　　　　　　Defendant. | Case No. 2:18-cv-2396 |

## COMPLAINT

Plaintiffs, for their cause of action against Defendant, Reynolds Manufacturing Company, Inc., state as follows:

### PLAINTIFFS' REQUEST FOR PLACE OF TRIAL

1.　　Pursuant to District of Kansas Rule 40.2, Plaintiffs hereby request that trial in this matter be held in Kansas City, Kansas.

### NATURE OF THE CASE

2.　　This is an action brought pursuant to §§ 502 and 515 of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1132 and 1145 to collect fringe benefit contributions from the Defendant due and owing to the Plaintiff employee benefit plans.

1

# PARTIES

3. Plaintiff Boilermaker-Blacksmith National Pension Fund (hereinafter "the Pension Fund") is an "employee benefit plan" within the meaning of 29 U.S.C. § 1002(3). The Pension Fund is a legal entity that may sue or be sued, pursuant to 29 U.S.C. § 1132(d). The Pension Fund maintains its principal place of administration at 754 Minnesota Avenue, Kansas City, Kansas 66101, which is located within the territorial boundaries of the District of Kansas. The Pension Fund is a "multi-employer plan" within the meaning of 29 U.S.C. § 1002(37) and has been established pursuant to § 302(c)(5) of the Labor Management Relations Act (LMRA), 29 U.S.C. § 186(c)(5).

4. Plaintiff Boilermakers National Health and Welfare Fund (hereinafter "the Health & Welfare Fund") is an "employee benefit plan" within the meaning of 29 U.S.C. § 1002(3). The Health & Welfare Fund is a legal entity that may sue or be sued, pursuant to 29 U.S.C. § 1132(d). The Health & Welfare Fund maintains its principal place of administration at 754 Minnesota Avenue, Kansas City, Kansas 66101, which is located within the territorial boundaries of the District of Kansas. The Health & Welfare Fund is a "multi-employer plan" within the meaning of 29 U.S.C. § 1002(37) and has been established pursuant to § 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5).

5. Plaintiff Boilermakers' Apprenticeship and Training Funds (hereinafter "the Apprenticeship Funds") are "employee benefit plans" within the meaning of 29 U.S.C. § 1002(3). The Apprenticeship Funds are legal entities that may sue or be sued, pursuant to 29 U.S.C. § 1132(d). The Apprenticeship Funds maintain their principal place of administration at 753 State Avenue, Kansas City, Kansas 66101. The Apprenticeship Funds' agent for the collection of contributions is located at 754 Minnesota Avenue, Kansas City, Kansas 66101,

which is located within the territorial boundaries of the District of Kansas. The Apprenticeship Funds are "multi-employer plans" within the meaning of 29 U.S.C. § 1002(37) and have been established pursuant to § 302(c)(5) and (6) of the LMRA, 29 U.S.C. § 186(c)(5) and (6).

6. Plaintiff John Fultz is a fiduciary of the Plaintiffs Pension Fund, Health & Welfare Fund, and Apprenticeship Funds within the meaning of 29 U.S.C. § 1002(21), and as such, is a proper party to this action.

7. Plaintiff Mobilization, Optimization, Stabilization and Training Fund (hereinafter "the MOST Fund") is an employee benefit plan within the meaning of 29 U.S.C. § 1002(3). The MOST Fund maintains its principal place of administration at 753 State Avenue, Kansas City, Kansas 66101, which is located in the District of Kansas. The MOST Fund is a legal entity that may sue or be sued, pursuant to 29 U.S.C. § 1132(d). Additionally, the MOST Fund is a "multi-employer plan" within the meaning of 29 U.S.C. § 1002(37) and has been established pursuant to § 302(c) of the Labor Management Relations Act (LMRA), 29 U.S.C. § 186(c).

8. Plaintiff Mark Garrett is a fiduciary of the MOST Fund within the meaning of 29 U.S.C. § 1002(21), and as such, is a proper party to this action.

9. Defendant, Reynolds Manufacturing Company, Inc. (hereinafter "Reynolds") is a corporation organized under and existing by virtue of the laws of the Commonwealth of Pennsylvania. Reynolds is an employer within the meaning of 29 U.S.C. § 1002(5).

## JURISDICTION

10. This Court has jurisdiction of Plaintiffs' claims pursuant to 29 U.S.C. §§ 1132 and 1145, and also pursuant to 28 U.S.C. § 1331.

11. Whereas the Plaintiff employee benefit plans are administered in the District of Kansas, venue is appropriate in this district pursuant to 29 U.S.C. § 1132(e)(2).

## CAUSE OF ACTION

12. At all times relevant hereto, Reynolds has been a party to one or more collective bargaining agreements with the International Brotherhood of Boilermakers, Iron Ship Builders, Blacksmiths, Forgers and Helpers, AFL-CIO (hereinafter "Boilermakers International") and/or affiliate local unions of the Boilermakers International (collectively, "the Union").

13. Each of the Plaintiffs Pension Fund, Health & Welfare Fund, Apprenticeship Funds, and MOST Fund (hereinafter collectively "the Funds) is established and operated pursuant to a written agreement and/or declaration of trust. These agreements and/or declarations of trust are incorporated by reference into and are a material part of the collective bargaining agreement(s) between Reynolds and the Union.

14. Upon information and belief, at all times material and relevant to this action, Reynolds has employed employees who have performed covered work under the collective bargaining agreement(s).

15. Reynolds is obligated under the collective bargaining agreement(s) to timely submit reports and fringe benefit contributions to the Funds. Reynolds is required to submit contributions to the Funds each month in such amounts as determined by the number of hours of covered work performed by Reynolds' employees at the rates established for each of the Funds in the collective bargaining agreement(s).

16. The collective bargaining agreement(s) require that contributions due to the Funds are to be paid by the fifteenth (15th) day of the month following the month in which the work was performed, and payments are delinquent if not received by that date.

17. Reynolds failed to report any hours of covered work performed by its employees, and failed to pay such contributions as are due and owing thereon to the Funds for hours of

covered work performed during July and August 2017.  As a result, Reynolds is in breach of the collective bargaining agreement(s).

18. Based upon steward reports from the Union's Local Lodge No. 154, the Funds have estimated that Reynolds is liable to the Funds for delinquent contributions in an amount of at least fourteen thousand, one hundred and twenty-five dollars ($14,125.00) for the work performed during July and August 2017.

19. The collective bargaining agreement(s), the trust agreements, and ERISA provide remedies to the Funds in the event an employer fails to make required contributions.  Among the remedies available are costs of collection, attorneys' fees, interest, and liquidated damages.

20. Pursuant to the collective bargaining agreement(s) and the trust agreements incorporated therein, Reynolds is liable to the Funds for liquidated damages of twelve percent (12%) of the delinquent contributions.  Accordingly, Reynolds is liable to the Funds for liquidated damages in the amount of one thousand, six hundred ninety-five and 00/100 dollars ($1,695.00) upon the delinquent contributions for the hours of covered work performed during July and August 2017.

21. Pursuant to the collective bargaining agreement(s) and the trust agreements incorporated therein, Reynolds is liable to the Funds for interest at the rate of twelve percent (12%) *per annum* upon the delinquent contributions and the liquidated damages.  Accordingly, as of July 27, 2018, Reynolds is liable to the Funds for accrued interest in the amount of one thousand, seven hundred and six and 98/100 dollars ($1,706.98) upon the delinquent contributions for the hours of covered work performed during July and August 2017, and liquidated damages thereon.  Interest continues to accrue.

22.     The Funds have incurred attorneys' fees and other costs in their efforts to remedy Reynolds' failure to pay fringe benefit contributions. The Funds are entitled to recover these fees and costs pursuant to the terms of the collective bargaining agreement(s) and by law.

23.     Under the Funds' written agreements and/or declarations of trust and by law, the Funds have the right to audit any of the books and records of employers obligated to remit reports and contributions to the Funds, in order to ensure that such employers are in compliance with their reporting and contribution obligations. Moreover, under the trust agreements and by law, the Funds are entitled to seek judicial relief compelling an audit of any contributing employer who fails or refuses to submit to an audit of its books and records, and further, are entitled to recover the costs and expenses incurred by the Funds in seeking such judicial relief.

24.     Under the collective bargaining agreement(s) and ERISA, Reynolds is obligated to pay any delinquent contributions as may be revealed by an audit of its books and records, and further, is obligated to pay liquidated damages and interest that the Funds assess upon such delinquent contributions. Accordingly, to the extent an audit of Reynolds reveals the existence of any unpaid and delinquent contributions, Reynolds is liable to the Funds for such contributions, liquidated damages, and interest. Reynolds is also liable to pay the Funds' costs and reasonable attorney's fees for the collection of these amounts.

**WHEREFORE,** Plaintiffs pray that the Court enter an Order:

a)     Finding that Reynolds is liable to the Funds in the amount of at least seventeen thousand, five hundred twenty-six and 98/100 dollars ($17,526.98) (contributions - $14,125.00; liquidated damages - $1,695.00, and interest accrued through July 27, 2018 - $1,706.98) and entering judgment against Reynolds and in favor of the Plaintiffs for these amounts, plus interest that accrues from July 27, 2018 through the date judgment is entered;

b) Requiring Reynolds to permit a qualified, certified public accountant, selected by the Plaintiffs, to audit Reynolds's books and records at Reynolds's expense to determine any other contributions, liquidated damages, and interest that may be due and owing the Funds pursuant to the collective bargaining agreement(s);

c) Allowing the Plaintiffs to apply for an award against Reynolds for additional amounts that are determined due and owing based on the audit, on employer reports received after the filing of this action, or on another valid method of estimating the contributions that are due and owing, plus liquidated damages and/or interest on the fringe benefit contributions due and owing as of the date judgment is entered and thereafter;

d) Awarding the Plaintiffs their costs of this action, including Plaintiffs' reasonable attorney's fees; and

e) Granting the Plaintiffs such other relief that the Court deems just and proper, including interest that accrues during the pending of this action.

Respectfully submitted,

By   /s/ Scott L. Brown
Scott L. Brown, KS Bar # 20580
**BLAKE & UHLIG, P.A.**
753 State Avenue, Suite 475
Kansas City, Kansas 66101
Telephone:  (913) 321-8884
Facsimile:  (913) 321-2396
**ATTORNEY FOR PLAINTIFFS**